MONICA GOEL (Bar No. 211549)
E-Mail: mgoel@tldlaw.com
BRIAN J. RAMSEY (Bar No. 265684)
E-Mail: bramsey@tldlaw.com
TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way, Suite 240
Long Beach, California 90806
Telephone: (562) 923-0971
Facsimile: (866) 831-7302

Attorneys for Pamela Anne Mitchell Co-Trustee

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>**THE J. & C. MITCHELL FAMILY TRUST DATED MAY 14, 2015**<br><br>PAMELA ANNE MITCHELL, Co-Trustee of the J. & C. Mitchell Family Trust dated May 14, 2015,<br><br>Petitioner,<br><br>vs.<br><br>JOHN JEFFREY MITCHELL, Co-Trustee of the J. & C. Mitchell Family Trust dated May 14, 2015, and KIMBERLY ANN ROHDE, Co-Trustee of the J. & C. Mitchell Family Trust dated May 14, 2015; AND DOES 1-10,<br><br>Respondents. | Case No. 8:26–cv–01378–MRA–RAO<br><br>**PETITIONER PAMELA ANNE MITCHELL'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN J. RAMSEY**<br><br>*Filed concurrently with [Proposed] Order*<br><br>Judge: Mónica Ramírez Almadani<br>Date: August 11, 2026<br>Time: 10:00 a.m.<br>Dept.: 9B, 9th Floor<br><br>Action Filed: 03/10/2026<br>Trial Date: Not Set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 11, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Mónica Ramírez Almadani, located in the Ronald Reagan Federal Building and United States Courthouse, Santa Ana Courtroom 9B, 9th Floor, 411 W 4th St, Suite 53, Santa Ana, CA 92701 , PAMELA ANNE MITCHELL ("Petitioner") will and hereby does move this Court to Remand this action to the Superior Court of the State of California, County of Orange.

This Motion is made upon the following grounds:

1. Respondents KIMBERLY ANN ROHDE, Co-Trustee of the J. & C. Mitchell Family Trust dated May 14, 2015 ("Kimberly") and JOHN JEFFREY MITCHELL, Co-Trustee of the J. & C. Mitchell Family Trust dated May 14, 2015 (collectively, "Respondents") removal to Federal Court is improper pursuant to 28 USC §1441 because this case does not arise out of Federal law, and all parties are residents and citizens of California (where this action was originally brought). Therefore, the federal court lacks subject matter jurisdiction.

2. There is no question of federal law in this case, which is independently sufficient to defeat federal question jurisdiction.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Brian J. Ramsey, Esq. filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling. Petitioner's counsel met and conferred, both by letter and verbally, prior to the filing of this Motion with counsel for Respondent Kimberly, but the parties were unable to reach an agreement, necessitating the filing of this Motion.

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

DATED: June 22, 2026

TREDWAY, LUMSDAINE & DOYLE LLP
MONICA GOEL
BRIAN J. RAMSEY

By: ______________________
BRIAN J. RAMSEY
Attorneys for Pamela Ann Mitchell, Co-Trustee

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION AND STATEMENT OF RELEVANT FACTS

On or about March 10, 2026, Petitioner Pamela Anne Mitchell, Co-Trustee of the J. & C. Mitchell Family Trust dated May 14, 2015 ("Petitioner") filed her Petition ("Petition") against Respondents KIMBERLY ANN ROHDE, Co-Trustee of the J. & C. Mitchell Family Trust dated May 14, 2015 ("Kimberly") and JOHN JEFFREY MITCHELL, Co-Trustee of the J. & C. Mitchell Family Trust dated May 14, 2015 (collectively, "Respondents").

On or about May 14, 2026, Respondent Kimberly Ann Rohde filed her Notice to All Parties of Removal of Action to Federal Court.

On or about May 21, 2026, Respondent Kimberly Ann Rohde filed her answer to the Petition in Federal Court. On or about May 25, 2026, Respondent John Jeffrey Mitchell filed his answer to the Petition in Federal Court.

None of Petitioner's claims arise out of federal law and there is no basis for diversity jurisdiction. The Removal does not argue there is diversity jurisdiction arising from the Petition. The Removal argues that subject matter jurisdiction exists to remove the matter "solely on federal question jurisdiction under 28 U.S.C. § 1331."

As further described herein, federal question jurisdiction sufficient to remove this action is not met for at least two, independently sufficient reasons. Thus, Petitioner respectfully requests that this Court issue an order remanding this matter to the Superior Court of California, County of Orange.

## 2. LEGAL ARGUMENT.

### A. KIMBERLY'S ATTEMPT TO REMOVE THIS CASE IS IMPROPER UNDER 28 USC §§ 1331

Federal question jurisdiction exists when a civil action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "Arising under" jurisdiction is measured by the well-pleaded complaint" rule. *Durgom v.*

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

*Janowiak* (1999) 74 Cal.App.4th 178, 182. It is part and parcel of the well-pleaded complaint rule that a defense is not a part of a plaintiff's properly pleaded statement of his or her claim. *Id.* at 183. It is now settled law that a case may not be removed to federal court on the basis of a federal defense… even if both parties concede that the federal defense is the only question truly at issue. *Id.* at 184.

Kimberly argues that Petitioner's Petition necessarily raises federal estate tax law implicating 26 U.SC. §6324(a)(1) and 26 U.S.C. § 324(a)(2). However, Petitioner's requested relief does not require resolution of any federal issue, because distribution can be made notwithstanding the federal tax issue, so long as appropriate reserves are held. As this court well knows, distributing the bulk of an estate, while holding an appropriate reserve for pending tax issues is an exceedingly common tactic in trust administration.

Additionally, the absence of an active federal tax audit or IRS proceeding undermines any argument that the case involves a genuine federal issue. Indeed, as discussed in the Petition, the CPA for the J. & C. Mitchell Family Trust dated May 14, 2015 (the "Trust") advised that distribution may proceed with appropriate reserves for any potential tax liability. Thus, this court lacks subject matter jurisdiction because the Petition does not necessarily raise substantial, disputed questions of federal law. Administration of the Trust can proceed without determining any issues related to 26 U.S.C. §6324 through proper planning for taxes and the advice of the Trust's CPA.

Respondents also raise 26 U.S.C. §6324 as their fifth affirmative defense in their Answers to the Petition. Respondents' invocation of 26 U.S.C. § 6324 does not by itself create federal question jurisdiction sufficient for removal under 28 U.S.C. §1441. Respondents' argument that federal law under 26 U.S.C. §6324 might impose personal liability or prohibit distribution constitutes a federal defense. As such, it does not satisfy the well-pleaded complaint rule. Petitioner's claims for breach of fiduciary duty and trustee removal arise solely under the California

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

Probate Code and do not present a federal question on the face of the Petition. Respondents' reliance on federal tax related issues does not transform the state law claims into claims that involve a federal question.

Thus, Respondents' claim that 26 U.S.C. §6324 creates federal question jurisdiction cannot serve as a basis for removal.

### B. THE PROBATE CODE EXCEPTION APPLIES AND DEPRIVES THIS COURT OF JURISDICTION

The Supreme Court has recognized a probate exception to otherwise proper federal jurisdiction. *Marshall v. Marshall* (2006) 547 U.S. 293, 308. California Probate Code §17000 provides that the superior court having jurisdiction over the trust pursuant to this part has **exclusive** jurisdiction of proceedings concerning the internal affairs of trusts. Petitioner's claims fall squarely within the probate exception to federal jurisdiction as they involve the internal administration of a trust and are within the exclusive jurisdiction of California probate courts. *See Cal. Prob. Code* §17000.

The California Probate Code sets out a list of proceedings that concern the "internal affairs of a trust." *See Cal. Prob. Code* §17200. To commence proceedings in a California probate court concerning the internal affairs of a trust, a party must file a section 17200 petition. *Schwartz v. Labow* 164 Cal.App.4th 417, 417, 78 Cal.Rptr.3d 838 (2008); see Cal. Prob. Code §17201. Proceedings that serve the purpose of instructing the trustee or compelling redress of a breach of the trust by any available remedy concern the internal affairs of a trust. *Cal. Prob. Code* §17200(b)(6), (12). As do those that serve the purpose of settling the account and passing upon the acts of the trustee, including the exercise of discretionary powers. *Id.* at §17200(b)(4), (5).

In Kimberly's meet and confer letter dated June 5, 2026, she argues that the requested relief necessarily implicates the scope and effect of federal estate tax law, including 26 U.S.C. §6324, which imposes potential personal liability on trustees,

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

transferees, and others who receive or hold estate property for unpaid estate taxes. This argument is not well-taken because the causes of action in Petitioner's Petition include (1) compel appraisal and distribution, (2) for breach of fiduciary duty, (3) for removal of co-trustees, and (4) for appointment of private professional fiduciary, which are all proceedings concerning the internal affairs of a trust under *California Probate Code* §17200. Furthermore, the 706 tax return has already been filed. As stated in the petition, the parties are simply waiting for IRS closing letter. All parties agree that an appropriate reserve should be held until such time as that letter is received. Therefore, there is no controversy or dispute regarding any federal law, in particular 26 U.S.C. §6324.

Simply stated, the Court could award all of Petitioner's requests for relief without implicating any federal tax law. Whether federal tax liability precludes a distribution is not a question of federal jurisdiction. Respondents' concerns about federal tax liability do not alter the fundamentally probate nature of Petitioner's claims, and the probate exception squarely precludes federal jurisdiction in this case.

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

### C. <u>THIS COURT SHOULD AWARD ATTORNEY FEES INCURRED AS A RESULT OF RESPONDENT KIMBERLY'S WRONGFUL REMOVAL</u>

28 USC § 1447(c) grants the court discretion to award costs and attorneys' fees upon granting a Motion to Remand, stating in relevant part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The simplicity of removal procedure "exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it. Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal." *Circle Industries USA. Inc. v. Parke Const. Group,*

*Inc.*, 183 F.3d 105, 109 (2nd Cir. 1999).

In deciding whether an award is "just" under USC § 1447(c), the key factor is the propriety and reasonableness of the removal, but it is not necessary to show that the removing party's position was "frivolous, unreasonable, or without foundation." *Martin v. Franklin Capital Corp.*, 546 US 132, 136-38 (2005).

In this case, Respondent Kimberly's attempt to remove this action was completely unjust, unreasonable, and has no basis in law. Furthermore, this removal has the practical effect of further delaying a resolution in this matter.

As demonstrated above, Petitioner has sufficient reasons to defeat the removal. Moreover, as described in the Declaration of Brian J. Ramsey, Esq. attached hereto, Respondent Kimberly failed to withdraw the removal. Thus, the filing of this Motion was necessary.

Based upon the above and the Declaration of Brian J. Ramsey, Esq., Petitioner respectfully requests that this Court award attorney fees if Petitioner prevails on this Motion. Petitioner's attorney fees incurred totaled $3,170.00, as itemized in the Declaration of Brian J. Ramsey, Esq.

## 3. CONCLUSION.

The well-pleaded complaint rule and the probate exception to federal jurisdiction preclude removal of the California probate action to federal court. Defendant's reliance on 26 U.S.C. § 6324 as a defense does not create federal question jurisdiction under 28 U.S.C. § 1441 as there is no federal issue presented on the face of the Petition and the probate exception reserves such matters to state courts. Based on the foregoing arguments, Petitioner respectfully requests that this Court issue an order remanding this matter to the Superior Court of California, County of Orange, for further proceedings. Petitioner also respectfully requests that this Court Order Respondent Kimberly Ann Rohde to pay a monetary sanction of $3,170.00 to reimburse the reasonable costs and expenses in bringing this necessary Motion.

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

DATED: June 22, 2026

TREDWAY, LUMSDAINE & DOYLE LLP
MONICA GOEL
BRIAN J. RAMSEY

By: [signature]
BRIAN J. RAMSEY
Attorneys for Pamela Ann Mitchell, Co-Trustee

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

## DECLARATION OF BRIAN J. RAMSEY

I, Brian J. Ramsey, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Tredway, Lumsdaine & Doyle LLP, attorneys of record for Pamela Ann Mitchell, Co-Trustee. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief. I make this declaration in support of Motion to Remand.

2. On or about May 14, 2026, I received and reviewed Respondent Kimberly Ann Rohde's Notice of Removal of State Case to Federal Court.

3. On or about May 29, 2026, I sent a meet and confer letter to Respondent Kimberly Ann Rohde's attorney detailing that the removal of this action to Federal Court was improper and requesting withdrawal of the Notice of Removal. A true and correct copy of that letter is attached hereto as Exhibit "A."

4. On or about June 5, 2026, Kimberly Ann Rohde's attorney responded stating that Kimberly does not agree that removal was improper and she does not intend to withdraw the Notice of Removal. A true and correct copy of that letter is attached hereto as Exhibit "B."

5. I called counsel for Kimberly Ann Rhode, Mr. Sean Sullivan, on June 11, 2026 to complete the verbal meet and confer. I was not able to speak with him, and I left him a voice mail message asking for a return call.

6. I spoke with Mr. Sullivan over the telephone on June 15, 2026. I explained to Mr. Sullivan the basis for, and the legal reasoning underpinning the motion; in particular, that there is no federal law which requires adjudication by this, or any, court. Mr. Sullivan explained his position as well, and declined to stipulate to remanding the case to state court, thus necessitating this motion.

7. In the course of researching, preparing, and filing this Motion, my associate David Gharibian spent a total of 6 hours at his hourly billing rate of $340.00. I spent 1 hour reviewing this motion, and I anticipate another hour to

prepare for and attend the hearing on this matter. My hourly billing rate is $565.00.

8. I therefore request that sanctions in the amount of $3,170.00 be awarded to Petitioner as reasonable expenses incurred in filing this necessary motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 22 day of June, 2026, at Long Beach, California.

Brian J. Ramsey

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Pamela Anne Mitchell Co-Trustee, certifies that this brief contains 2,593 words, which complies with the word limit of L.R 11-6.1.

DATED: June 22, 2026

TREDWAY, LUMSDAINE & DOYLE LLP
MONICA GOEL
BRIAN J. RAMSEY

By: [signature]
BRIAN J. RAMSEY
Attorneys for Pamela Ann Mitchell, Co-Trustee

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

# PROOF OF SERVICE

**THE J. & C. MITCHELL FAMILY TRUST DATED MAY 14, 2015**
**Case No. 30-2026-01559743-PR-TR-CMC**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 3900 Kilroy Airport Way, Suite 240, Long Beach, CA 90806.

On June 22, 2026, I served true copies of the following document(s) described as **PETITIONER PAMELA ANNE MITCHELL'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN J. RAMSEY** on the interested parties in this action as follows:

| | |
|---|---|
| TAMSEN REINHEIMER<br>MORTENSEN & REINHEIMER<br>2855 Michelle Drive, Suite 120<br>Irvine, CA 92606<br>Phone: (714) 573-7149<br>Email: tamsen@ocestateplanning.net | *Attorney for JOHN JEFFREY MITCHELL* |
| RENEE M. GABBARD<br>PROCOPIO<br>200 Spectrum Center Drive, Suite 1650<br>Irvine, CA 92618<br>Phone: (949) 346-8397<br>Email: renee.gabbard@procopio.com | *Attorney for KIMBERLY ANN ROHDE* |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Tredway, Lumsdaine & Doyle LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 22, 2026, at Long Beach, California.

*Raesha Andersen*
Raesha Andersen