UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-01378-MRA-RAO | Date | August 12, 2026 |
| Title | *Pamela Anne Mitchell v. John Jeffrey Mitchell et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiff's Motion to Remand. ECF 12. The Court read and considered the briefing related to the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND

On March 10, 2026, Petitioner Pamela Anne Mitchell ("Petitioner") filed a Verified Petition against Respondents Kimberly Mitchell Rohde and John Jeffrey Mitchell, Co-Trustees of the J. & C. Mitchell Family Trust dated May 14, 2015 (the "Trust") (collectively, "Respondents"), in the Orange County Superior Court, asserting the following claims: (1) Compel Appraisal and Distribution; (2) For Breach of Fiduciary Duty; (3) For Removal of Co-Trustees; and (4) For Appointment of Private Professional Fiduciary. ECF 1 at 2. The petition arises from administration of the Trust following the deaths of the settlors John F. Mitchell and Carol A. Mitchell ("Settlors") in 2024. *Id.* Petitioner, who is the daughter of the Settlors, is a beneficiary and co-trustee of the Trust. ECF 1-1 ¶ 5. Respondents are also children of the Settlors, co-trustees, and beneficiaries of the Trust. *Id.* ¶ 4.

On May 13, 2026, Respondent Kimberly Mitchell Rohde removed this action to federal court, arguing that Petitioner's claims "necessarily raise substantial, disputed questions of federal law." *Id.* On May 15, 2026, Respondent John Jeffrey Mitchell filed a Request for Joinder in the notice of removal. ECF 3.

On June 22, 2026, Petitioner filed the instant Motion to Remand. ECF 22. Both Respondents oppose the Motion. ECF 15, 16.

## II. LEGAL STANDARD

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may exercise jurisdiction only when authorized by the Constitution or a statute. *Id.* Under 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The propriety of removal "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

In the notice of removal and in their oppositions to the instant Motion, Respondents argue that this Court has subject matter jurisdiction over this matter because the "central dispute is whether trustees may lawfully distribute estate assets before federal estate tax liability is determined." ECF 1 at 3. Respondents claim that federal law, particularly 26 U.S.C. § 6324, might expose them to personal liability for receiving or holding estate property for unpaid estate taxes. *Id.* According to Respondents, although Petitioner's claims for distribution of assets arise under state law, "[a] court cannot compel distribution here without determining whether such distribution would violate federal law or expose Defendant to personal liability." *Id.* at 4.

Petitioner argues that this matter must be remanded because federal question jurisdiction does not exist by virtue of Respondents' assertion of a defense under federal law, and distribution under the trust "can be made notwithstanding the federal tax issue." ECF 12 at 5. Petitioner further argues that this matter falls within the "probate exception" to federal jurisdiction because Petitioner's claims "involve the internal administration of a trust and are within the exclusive jurisdiction of California probate courts." *Id.* at 6.

When, as here, removal is based on the assertion of federal question jurisdiction, the Court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Christianson v. Colt Indus. Op Corp.*, 486 U.S. 800, 808 (1988) (*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal

question." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Looking at the underlying petition, it is clear that the causes of action asserted by Petitioner are not created by federal law, but rather by state statutes governing the administration of trusts. ECF 1-1 at 9–12. Petitioner specifically seeks: (1) immediate independent appraisal by a qualified licensed appraiser and a distribution of assets in accordance with the Trust; (2) damages for Respondents' alleged breach of fiduciary duty under California Probate Code §§ 16002(a) and 16060; (3) removal of co-trustees under California Probate Code §§ 16400, 16420(a)(5), and 17200, and (4) appointment of private fiduciary to administer the Trust. According to the Petition, "Respondents have taken the position that updated appraisals and division should be delayed until receipt of the IRS closing letter." *Id.* at 6. Although Petitioner's allegations potentially implicate issues under federal law, that is not sufficient to confer federal question jurisdiction because "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

Apparently recognizing that Petitioner's claims do not arise under federal law, Respondents rely on *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), and its progeny to argue that Petitioner's claims create federal question jurisdiction because they "necessarily raise substantial, disputed questions of federal law," ECF 1 at 2. Under the *Grable* doctrine, a state law claim may create federal question jurisdiction if it raises a federal issue that is "actually disputed and substantial." *Grable*, 545 U.S. at 314. Respondents argue that such an issue exists here because Petitioner's claims raise the question "what effect federal estate tax law has on the trustees' duties and exposure while the Petition seeks to impose liability and remove them for withholding distribution." ECF 15 at 6. According to Respondents, "federal law creates continuing lien and personal-liability risks that justify withholding distribution until those risks are resolved or adequately protected against." *Id.* at 12. Under Respondents' own framing, federal law is implicated *only* to the extent that it provides a defense or justification for their alleged failure to distribute the trust assets. Respondents nevertheless claim that Petitioner's claims arise under federal law pursuant to *Grable* because "Petitioner has made the tax-based withholding itself the challenged act."

The Court is not persuaded by this recasting of the Petition. Petitioner alleges that "Respondents have unreasonably delayed valuation and distribution of the Trust assets" in violation of the Trust instrument itself. ECF 1-1 at 9–10. It is *Respondents*, not Petitioner, who raise federal law as a defense to Petitioner's claims. Nothing in Petitioner's causes of action requires Petitioner to plead or prove any federal issue *except* to the extent necessary to defeat Respondents' assertion that federal law relieves them of liability. Under such circumstances,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-01378-MRA-RAO | Date | August 12, 2026 |
| Title | *Pamela Anne Mitchell v. John Jeffrey Mitchell et al.* | | |

federal question jurisdiction does not exist. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("[T]he existence of a defense based upon federal law is insufficient to support jurisdiction."). Indeed, even if the *only* disputed issue in this matter was whether federal law justified withholding distributions under the Trust, that is not sufficient to confer federal question jurisdiction. *See Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

Respondents concede that the closest analog in the caselaw that supports removal is *Grable* itself. In *Grable*, the IRS seized real property owned by Grable to satisfy a federal tax delinquency, and it gave Grable notice by certified mail before selling the property to the buyer, respondent Darue Engineering & Manufacturing ("Darue"). *Grable*, 545 U.S. at 310. Grable then brought a quiet title action against Darue in state court, claiming that Darue's title was invalid because federal law required the IRS to give Grable notice of the sale by personal service, rather than by certified mail. *Id.* at 311. Darue removed the quiet title action to federal court, arguing that Grable's claim of title "depended on the interpretation of the notice statute under federal law." *Id.* The Supreme Court held that the case warranted federal jurisdiction because "[w]hether Grable was given notice within the meaning of the federal statute is . . . an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute." *Id.* at 315.

Here, by contrast, Respondents fail to explain how any issue of federal law constitutes an "essential element of" Petitioner's claims related to the Trust. Petitioner alleges that Respondents have failed to timely valuate or distribute Trust assets, failed to provide access to financial documents of the Trust, failed to act impartially, and failed to take many of the steps necessary in Trust administration. No element of those claims requires Petitioner to prove anything under federal law, which distinguishes this matter from *Grable*. As Respondents themselves put it, the distribution of Trust assets may "leave trustees or recipients exposed to personal liability if tax remains unpaid when due." ECF 15 at 11. But Respondents tellingly do not explain how that possibility bears on any element Petitioner must prove to prevail on the claims asserted in the Petition. *See Franchise Tax Bd.*, 463 U.S. at 9 (recognizing federal question jurisdiction exists "where the vindication of a right under state law *necessarily* turned on some construction of federal law" (emphasis added)). Here, construction of federal law is not necessary to vindicate Petitioner's state law rights regarding the trust—it arises solely by virtue of Respondents' concern about their personal exposure under federal law. Neither *Grable* nor any other authority identified by Respondents suggest that federal question jurisdiction exists under such circumstances.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-01378-MRA-RAO | Date | August 12, 2026 |
|---|---|---|---|
| Title | *Pamela Anne Mitchell v. John Jeffrey Mitchell et al.* | | |

The Court is also not convinced that the federal issue identified by Respondents is "substantial," as is required to exercise jurisdiction under *Grable*. The purported delay in distribution based on the IRS closing letter is merely one allegation in what Petitioner describes as a "pattern" of "exclusion of a co-trustee from material information and vendor communications, unilateral financial actions affecting liquidity, refusal to establish neutral valuation procedures, and sustained failure to engage in structured division planning." ECF 1-1 at 2–3. For example, Petitioner alleges that she was denied access to various records and files from the settlor's residence; that Respondents continued corresponding with tenants and managing operational aspects of Trust properties while simultaneously claiming to have "paused" trust administration; that Respondents denied Petitioner regular access to the Trust properties; that Respondents failed to provide written accounting, reconciliation, or record production; that Respondent Kimberly Mitchell Rohde made a material omission that directly affected Trust decision-making; that Respondents promoted reliance on a "Broker Opinion of Value" ("BOV") rather than a neutral appraiser; and that trust liquidity decisions have been implemented without a defined joint deliberate process. *Id.* at 4–8. Respondents do not explain how federal law provides a defense to or otherwise absolves them of liability for this alleged conduct. In other words, whether those alleged acts constitute breach of fiduciary duties as trustees does not turn on any federal question. *See Shriners Hosps. for Child. v. Wells Fargo Bank, N.A.*, No. 5:16-CV-03460-EJD, 2017 WL 57339, at *3 (N.D. Cal. Jan. 5, 2017) (granting motion to remand where "disagreement over [federal law] or tax consequences to the Trust are peripheral rather than central to the issues requiring the court to determine the settlor's intent and to interpret the trust instrument").

Petitioner's claims are within the exclusive jurisdiction of California state probate courts under California law. California Probate Code § 17000(a) confers exclusive jurisdiction of "proceedings concerning the internal affairs of trusts" to the superior court, and Section 17200(b) defines "internal affairs" as including proceedings for settling accounts and providing an accounting to the beneficiaries, removing a trustee, and/or compelling redress of a breach of the trust. *See* Cal. Prob. Code § 17200(b). The relief sought in the underlying petition includes "a change in trustee . . . and the redress of a breach of the trust by way of financial compensation," and which "clearly falls within the purview of the state probate court." *Kibbey v. Kibbey*, No. 2:21-CV-01479-RGK-JC, 2021 WL 5798049, at *2 (C.D. Cal. Dec. 7, 2021) (dismissing case of lack of subject matter jurisdiction because it "involve[d] the internal affairs of a trust"). "Because the claims alleged in the [Petition] are within the state probate court's exclusive jurisdiction, subject matter jurisdiction is lacking in accordance with the probate exception." *Ledeux v. Anthony*, No. C 19-4068 SBA, 2019 WL 11555276, at *3–4 (N.D. Cal. Aug. 12, 2019) (dismissing claims which, "at their core, are that [the trustees] wrongfully administered the Trust"); *Solomon v. Ling*, No. CV 16-08216 RGK (SS), 2017 WL 8109984, at *4 (C.D. Cal. Apr. 27, 2017) (dismissing claim for tortious breach of trustee duty for lack of jurisdiction because claim was "an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-01378-MRA-RAO | Date | August 12, 2026 |
| Title | *Pamela Anne Mitchell v. John Jeffrey Mitchell et al.* | | |

issue related to the internal affairs of the trust which probate court has exclusive jurisdiction").

Because the Petitioner's state law claims do not necessarily raise a substantial disputed issue of federal law, the Court concludes that it lacks subject matter over this action. Removal under 28 U.S.C. § 1441(a) was therefore improper on that basis, and the motion to remand is hereby **GRANTED**.

## IV. ATTORNEYS' FEES

28 U.S.C. § 1447(c) allows a party to recover attorney's fees and costs related to an improper removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Improper removal generally occurs when removal "was objectively unreasonable." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018). "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Id.* (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)).

As explained above, the Court holds that this matter does not raise a substantial, disputed question of federal law, and that the probate exception deprives the Court of jurisdiction. However, given that there is no Ninth Circuit case law directly addressing the issues herein, the Cout finds that Respondents' arguments, although unmeritorious, were not objectively unreasonable. The Court therefore declines to order payment of attorneys' fees or costs to Petitioner. *Wells Fargo Bank, N.A. v. Stern*, No. C 02-5126 SI, 2003 WL 22114268, at *3 (N.D. Cal. Sept. 8, 2003) (denying request for fees after remanding case falling within probate exception).

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Remand [12] is **GRANTED**. The case is remanded to Orange County Superior Court, Case No. 30-2026-01559743-PR-TR-CMC.

**IT IS SO ORDERED.**

\- : -

Initials of Deputy Clerk mku